**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                  :

DAVID MCCREERY,            :

                  :

           Plaintiff,    :       18-CV-1744 (OTW)

                  :

      -against-       :       **OPINION & ORDER**

                  :

COMMISSIONER OF SOCIAL SECURITY,  :

                  :

           Defendant.  :

                  :

-----------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff David McCreery ("Plaintiff") brings this action under the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying his Title II application for disability insurance benefits. The Commissioner has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. For the reasons set forth below, the Commissioner's Motion to Dismiss is **GRANTED**.[1]

**I.**     **Background**

Plaintiff alleges that he is entitled to disability insurance benefits, with a disability onset date of June 1995, due to headaches and dizziness caused by being "struck in the head with a crane hook" at work. (Complaint ("Compl.") (ECF 2) ¶ 4). Plaintiff's initial application for disability insurance benefits was denied by the Social Security Administration, upon which Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). (Compl.

---

[1] All parties have consented to magistrate judge jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 12).

¶¶ 6-7).[2] After holding a hearing in March 2017, the ALJ issued a decision denying Plaintiff's claim. (Compl. ¶ 7). Plaintiff then sought review of the ALJ's decision by the Appeals Council, but on October 31, 2017,[3] that request was denied. (Compl. ¶ 8). Plaintiff received the Appeals Council denial letter on November 5, 2017. (*Id*.)

Plaintiff, proceeding *pro se*, filed his complaint in this Court on February 23, 2018. (ECF 2). The Commissioner subsequently filed a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, on May 30, 2018, arguing that Plaintiff's complaint was time-barred. (ECF 15). Upon Plaintiff's failure to file a response to the Commissioner's motion, the Court issued an order on March 18, 2019, warning Plaintiff that failure to file a response may result in the Court deciding the motion without consideration of arguments from Plaintiff. (ECF 20). To date, Plaintiff has not filed any response to the Commissioner's motion.

## II. <u>Legal Standard</u>

A motion to dismiss under Rule 12(b)(6)[4] must be granted where the complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When evaluating a motion to dismiss, the Court is limited to

---

[2] Plaintiff had previously filed an application for disability insurance benefits in February 2011 for similar headaches caused by being hit by a crane at work. *See McCreery v. Comm'r of Social Security*, No. 13-CV-3254 (KPF), 2014 WL 3377099, at *1 (S.D.N.Y. July 9, 2014). It is unclear if Plaintiff's current application is referencing the same injury. In that case, Judge Failla ultimately granted the Commissioner's unopposed motion for judgment on the pleadings upon finding that the ALJ's decision was supported by substantial evidence and contained no legal error. *See id*. at 9.

[3] In his Complaint, Plaintiff incorrectly lists the Appeals Council decision as dated October 31, 2016, which would be the same date as the ALJ's decision. (Compl. ¶ 8). The Appeals Council letter, attached to Plaintiff's complaint, shows that the letter was actually dated October 31, 2017. (ECF 2 at 4).

[4] A statute of limitations argument, as presented here by Defendant, is properly construed as a motion to dismiss for failure to state a claim under Rule 12(b)(6) rather than for lack of subject-matter jurisdiction under Rule 12(b)(1). *Nghiem v. U.S. Dep't of U.S. Veterans Affairs*, 451 F.Supp.2d 599, 602 (S.D.N.Y. 2006).

the complaint's factual allegations, documents attached to the complaint, matters of judicial notice, and documents which Plaintiff relied on in filing the complaint. *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).[5] Where, as here, the plaintiff is proceeding *pro se*, the complaint is to be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, this does not exempt the plaintiff from "compliance with relevant rules of procedural and substantive law." *Purisima v. Astrue*, No. 12-CV-3528 (WHP) (JLC), 2012 WL 5519295, at *2 (S.D.N.Y. Nov. 14, 2012) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### III. Discussion

#### a. Timeliness

Plaintiff had sixty days from the date of receipt of the Commissioner's final decision[6] to initiate an action in federal district court. 42 U.S.C. § 405(g). Because permitting review of the Commissioner's decision is interpreted as a conditional waiver of governmental immunity, the sixty-day deadline is to be strictly enforced. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Thomas v. Comm'r of Social Security*, No. 1:16-CV-09247 (LTS) (KHP), 2017 WL 3475435, at *3 (S.D.N.Y. June 22, 2017) (holding that the 60-day deadline is "strictly construed" even for *pro se* plaintiffs); *Borrero v. Colvin*, No. 14-CV-5304 (LTS) (SN), 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (requiring dismissal even where the delay is "minor").

---

[5] Although the Commissioner submitted additional evidence, including a declaration, the Court is relying solely on the allegations in Plaintiff's complaint and does not need to convert the motion to one for summary judgment under Rule 56.

[6] The Appeals Council's denial of review of the ALJ's decision constitutes a final agency decision. *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015).

By regulation, the applicant is presumed to have received the final decision within five days of the date of the notice. 20 CFR § 422.210(c). Because Plaintiff's Appeals Council letter was dated October 31, 2017, ECF 2 at 4, Plaintiff is presumed to have received the letter on November 5, 2017. Indeed, Plaintiff acknowledges that he received the Appeals Council letter on November 5, 2017. (Compl. ¶ 8). Therefore, Plaintiff's deadline to file suit was sixty days later, January 4, 2018. Plaintiff initiated his suit in this Court on February 23, 2018, more than a month after the 60-day deadline. (ECF 2).

### b. Equitable Tolling

There is nothing in the record to show that Plaintiff is entitled to equitable tolling. Under the doctrine of equitable tolling, the Court may excuse untimely submissions where the litigant shows that he has been diligent in pursuing his rights and that "some extraordinary circumstance stood in his way." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005). Plaintiff never sought an extension of the 60-day deadline. Additionally, despite having over a year, to date, Plaintiff has still not filed any response to the motion to dismiss or explained why this suit is not untimely. The Court even issued a warning on March 18, 2019 that Plaintiff's failure to file a response to the Commissioner's motion would put him at risk of not having his arguments before the Court when it decided the motion. (ECF 20). Accordingly, Plaintiff has not met his burden of showing that any basis to find equitable tolling exists here. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

### IV. Conclusion

Because Plaintiff has failed to demonstrate that his suit was timely filed or that some extraordinary circumstance prevented a timely filing, the Commissioner's Motion to Dismiss is

**GRANTED**. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith; therefore, any request for *in forma pauperis* status for purposes of an appeal is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close ECF 13, mail a copy of this Opinion and Order to Plaintiff, and terminate the case.

       **SO ORDERED.**


_s/ Ona T. Wang_

Dated: October 24, 2019                      **Ona T. Wang**
     New York, New York             United States Magistrate Judge